

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
03/19/2013

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| JOHN J. O'NEILL and | ) CASE NO. 12-80628-G3-7 |
| ROBIN R. O'NEILL | ) |
| | ) |
| Debtors, | ) |
| | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on "Prosperity Bank's Motion for Relief from Stay as to Debtors' Homestead" (Docket No. 26). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

John J. O'Neill and Robin R. O'Neill ("Debtors") filed a voluntary joint petition under Chapter 7 of the Bankruptcy Code on December 21, 2012.

In the instant motion, Prosperity Bank seeks relief from stay, in order to proceed with a judicial foreclosure, in state court, of a home equity loan addressing property located at 2046 and 2050 O'Day Road, Pearland, Texas.

The facts are not in dispute with respect to the instant motion. Debtors stipulate that they have no equity in the property.[1] The instant case is a Chapter 7 case. The parties disagree only about what form of relief should be granted. Debtors seek an order conditioning the stay on adequate protection payments.

John James O'Neill testified that Debtors are willing to make adequate protection payments of $2,200 per month, and to maintain homeowners' insurance and flood insurance on the property.

Randy Dobbs, president of the Bellaire branch of Prosperity Bank, testified that he was the CEO of Community National Bank of Bellaire, the original lender, when the loan was made to Debtors. He testified that Prosperity Bank acquired Community National Bank of Bellaire during 2012. He testified that the loan officer in charge of the loan retired during January, 2013.

Dobbs testified that the payment history in Prosperity Bank's files show that Prosperity Bank purchased force-placed insurance with respect to the property. He testified that the bank notified Debtors of a requirement to maintain flood

---

[1] The note was in the original principal amount of $265,482.58. The parties estimate the value of the property to be between $218,000 and $240,000. Prosperity Bank has filed a proof of claim, in the amount of $282,588.56, secured by the property.

insurance, received no reply, and thus placed the insurance. He testified that the bank made a second loan to Debtors, in the amount of $37,000, to allow Debtors to pay down the cost of the force-placed insurance.

John James O'Neill testified that Debtors have purchased their own flood insurance policy. He testified that Prosperity Bank refused a payment during late 2012.

John James O'Neill testified that Debtors have approximately $1 million in unsecured debt. He testified that Debtors want to cure the home mortgage debt, but do not qualify for Chapter 13 due to the amount of unsecured debt. He testified that Debtors intend to file a Chapter 13 case after the Chapter 7 case is completed.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>>
>>> (A) the debtor does not have an equity in such property; and

3

>   (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

In the instant case, Debtors have made an offer of adequate protection that appears sufficient to adequately protect the interest of Prosperity Bank in the property. The court concludes, based on the totality of the circumstances, that the relief that should be granted is to condition the stay.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on March 19, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE